UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:21-cv-0336 KJN P |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| D. AXLEX, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint raising First and Eighth Amendment alleged violations by defendants Valencia, Barrow, and Cannizzaro at California Medical Facility ("CMF"), and defendants Axlex, Hobbs, Cook, Laughlin, Azuari, Peters and Cassesi at Mule Creek State Prison ("MCSP"), all of which took place in 2020. (ECF No. 1.) Plaintiff's motion for temporary restraining order is before the court. As discussed below, the undersigned recommends that the motion be denied.

Plaintiff's Motion

Plaintiff claims that in March of 2021, while housed at California Health Care Facility ("CHCF") in Stockton, plaintiff's property was intentionally confiscated and destroyed, allegedly to silence his PREA claim. Plaintiff requests the court issue a temporary restraining order that is narrowly drawn to compel the CDCR to: (1) cease all methods and or forms of retaliation (i.e.

silence of plaintiff's PREA claim; interference and denial of medical care, and mental health treatment); (2) assign an independent investigator to investigate the events of March 18, 2021, and April 8, 2021, (3) order the Office of the Inspector General to generate a report stating why plaintiff's property was maliciously and vindictively confiscated and destroyed, and (4) alert and notify the Prison Law Office and Coleman monitor (Rosen Bien & Galvan) of plaintiff's ongoing plight within CDCR.  (ECF No. 12 at 2.)

Applicable Law

    A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).  The standards for both forms of relief are essentially the same.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

    "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017).  The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  See Winter, 555 U.S. at 22 (citation omitted).  Also, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

////

Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

Discussion

While plaintiff is correct that the complaint highlights his claim under the Prison Rape Elimination Act ("PREA"), the allegations in his motion do not track the allegations in his complaint, which involve First and Eighth Amendment violations at CMF and MCSP in 2020, and do not involve the confiscation or destruction of property at CHCF in March of 2021, after plaintiff filed the instant action. Plaintiff's motion also seeks relief as to individuals not named as defendants herein. In addition, in his complaint, plaintiff seeks money damages and other relief wholly different from the relief sought in his motion. Because there is no nexus between the claims in plaintiff's motion and the underlying complaint, this court has no authority to grant injunctive relief. Pacific Radiation, 810 F.3d at 631. Therefore, the undersigned recommends that plaintiff's motion be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this action.

IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 13, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spri0336.tro

4

1
2
3
4
5
6
7

8                                 UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CIRON B. SPRINGFIELD,                        No. 2:21-cv-0336 KJN P

12                  Plaintiff,

13         v.                                     NOTICE OF SUBMISSION OF
                                                  DOCUMENTS
14   D. AXLEX, et al.

15                  Defendants.

16

17        Plaintiff hereby submits the following documents in compliance with the court's order

18   filed _____ :

19         ____       completed summons form

20         ____       completed USM-285 forms

21         ____       copies of the February 22, 2021

22                                   Complaint

23   DATED:

24

25                                                _____

26                                                Plaintiff

27

28

                                                  5